UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

MICHAEL ALAN GRAY,

               Petitioner,               Case No. 1:15-cv-668

v.                                          Honorable Robert J. Jonker

BONITA HOFFNER,

               Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Factual Background & Procedural History

Petitioner is incarcerated at the Lakeland Correctional Facility. Petitioner's case has a complex procedural history, which was summarized by the Michigan Court of Appeals as follows:

On September 10, 2001, defendant pleaded guilty to second-degree murder for his involvement in a crime that occurred in 1982. At sentencing on October 30, 2001, defendant asked the trial court for permission to enter a statement to be attached to the PSIR, and the trial court orally granted defendant's request. On July 18, 2002, defendant filed several motions before the trial court, including a motion to correct the PSIR. On October 23, 2002, defendant, represented by appellate counsel, moved for resentencing, again arguing, among other things, that the PSIR should be amended to include his statement. The prosecution did not challenge this request. On December 2, 2002, the trial court rejected defendant's other arguments, but entered an order stating "that the defendant may prepare a short rendition of his version of events, which shall be attached to the presentence report and forwarded to the Department of Corrections as part of the presentence report." No statement was ever attached.

On November 27, 2002, defendant, through counsel, had filed in this Court an application for leave to appeal, which did not raise the issue of the omitted PSIR statement. This Court denied defendant's appeal, as did the Michigan Supreme Court. *People v Gray*, unpublished order of the Court of Appeals, entered March 3, 2003 (Docket No. 245128); *People v Gray*, 469 Mich 879; 668 NW2d 149 (2003). Defendant next moved for relief from judgment. Among other things, defendant again argued that his statement should be added to the PSIR. On July 20, 2004, the trial court denied defendant's motion for relief in part and granted it in part. In the course of its ruling, the court expressly reaffirmed the December 2, 2002 order. Defendant again attempted to obtain appellate review with respect to various issues, but his attempts were rejected by this Court, the Michigan Supreme Court, and the United States Supreme Court. *People v Gray*, unpublished order of the Court of Appeals, entered February 3, 2006 (Docket No. 264015); *People v Gray*, 476 Mich 864; 720 NW2d 297 (2006); *Gray v Michigan*, 549 US 1228; 127 S Ct 1300; 167 L Ed 2d 114 (2007).

On March 13, 2007, defendant petitioned for a writ of habeas corpus, which was dismissed by the United States District Court for the Western District of Michigan. *Gray v Harry*, unpublished report and recommendation of the United States Magistrate Judge for the United States District Court, Western District of Michigan, issued March 2, 2010 (Docket No. 1:07-CV-246); *Gray v Harry*, unpublished order approving report and recommendation of the United States District Court, Western District of Michigan, issued September 29, 2009 (Docket No.

>   1:07-cv-246); 2010 WL 3851975. Defendant appealed the district court's decision, and the Sixth Circuit Court of Appeals vacated the district court's order and remanded with instructions for it to issue a conditional writ of habeas corpus releasing defendant from state custody unless the state provided defendant the opportunity to pursue a direct appeal from his conviction.[1] *Gray v Harry*, unpublished order of the United States Court of Appeals for the Sixth Circuit, issued December 27, 2011 (Docket No. 10-2423). This appeal as of right followed.

*People v. Gray*, No. 309859, 2013 WL 968148, at *1 (Mich. Ct. App. Feb. 21, 2013).

In his appeal as of right, Petitioner's sole request was for the Michigan Court of Appeals to compel the trial court to compel the Department of Corrections to enforce the trial court's earlier order to supplement the PSIR with defendant's statement detailing his version of the offense. The court of appeals remanded Petitioner's case to the trial court for the limited purpose of modifying Petitioner's PSIR. *Gray*, 2013 WL 968148, at *2. Petitioner did not seek leave to appeal in the Michigan Supreme Court.

Petitioner filed a second motion for relief from judgment in the Kent County Circuit Court on September 5, 2013. In an order issued on December 3, 2013, the circuit court dismissed the motion because it was an improper successive motion. (Kent Cnty. Circuit Ct. Ord., docket #1-2, Page ID#46.) Under Mich. Ct. R. 6.502(G), only one motion for relief from judgment may be filed per conviction unless there is a retroactive change in the law or newly discovered evidence. Because neither exception applied in this case, the motion was dismissed. (*Id.*) The circuit court denied Petitioner's motion for reconsideration. On June 25, 2014, the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal pursuant to MICH. CT. R. 5.502(G). *See People v. Gray*, No. 321775 (Mich. Ct. App. June 25, 2014). The Michigan Supreme Court similarly denied

---

[1] The Sixth Circuit granted Petitioner's motion for a certificate of appealability on the issue of whether the failure of his appellate counsel to file an appeal-as-of-right constituted ineffective assistance of counsel.

Petitioner's application for leave to appeal on February 2, 2015, because Petitioner's motion for relief from judgment was prohibited by MICH. CT. R. 6.502(G). *See People v. Gray*, 858 N.W.2d 428 (Mich. 2015).

Petitioner filed the instant Petition on June 22, 2015,[2] raising the following four claims of error:

> I. Since the state's ten year delay before honoring his right to appeal tainted petitioner's right to a reasonably speedy direct appeal, and poisoned his right to a collateral review proceeding altogether, contrary to the due process and equal protection clauses, the remedy of an unconditional writ is appropriate.
>
> II. The trial court's refusal to reach an adjudication on the merits of federal constitutional claims presented in a properly filed postconviction motion, has denied Petitioner his right to his first substantive collateral challenge, contrary to his right to due process and equal protection of law under the Fourth Amendment.
>
> III. Petitioner Gray was denied effective appellate counsel when counsel refused to raise the present *Hicks* claim during his direct appeal; [] had it been raised and adjudicated on the merits, the outcome of the proceedings would have been different.
>
> IV. Petitioner Gray is entitled to additional credit for time-served, under the law at the time of the offense, where the authorities' lack of due diligence in bringing formal charges had an adverse impact upon him receiving concurrent sentences and extended his original parole eligibility date by ten years, which violated his state and federal equal protection and due process rights to liberty.

(Pet., Attachment A, docket #1-1, Page ID#16-25.)

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on June 22, 2015, and it was received by the Court on June 25, 2015. Thus, it must have been handed to prison officials for mailing at some time between June 22 and 25. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

**Discussion**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Following the issuance of the conditional writ of habeas corpus by this Court, Petitioner appealed as of right to the Michigan Court of Appeals. In an unpublished opinion issued on February 21, 2013, the Michigan Court of Appeals remanded the case for the limited purpose of modifying Petitioner's PSIR. Petitioner did not seek

leave to appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Accordingly, Petitioner's conviction became final on April 18, 2013. Petitioner had one year, until April 18, 2014, in which to file his habeas application. Petitioner filed the instant petition on June 22, 2015. Thus, absent tolling, Petitioner filed the instant petition more than one year after the statute of limitations expired.

The running of the statute of limitations is tolled when "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Petitioner's second motion for relief

from judgment filed on September 5, 2013, cannot serve to toll the limitations period because it was not a "properly filed" application for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). As discussed above, Petitioner was prohibited from filing a second motion for relief from judgment pursuant to MICH. CT. R. 6.502(G)(1), which provides that, after August 1, 1995, only one motion for relief from judgment may be filed with regard to a conviction. Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11); *see also Rodriguez v. McQuidgen*, No. 08-cv-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009) ("Because Petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2)."). Because Petitioner's second motion for relief from judgment did not toll the statute of limitations, the petition is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of

the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Petitioner had the opportunity to raise any and all claims of error related to his conviction in his appeal as of right. While Petitioner claims that he was forced to file a second motion for relief from judgment because his appointed appellate counsel failed to raise various issues on direct appeal, Petitioner could have raised additional claims in his appeal as of right by filing a "Standard 4" *pro se* supplemental brief in the Michigan Court of Appeals. Consequently, the Court cannot find that Petitioner pursued his rights diligently or that some extraordinary circumstance stood in his way. Petitioner, therefore, is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a

Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

Petitioner does not allege that he is actually innocent or offer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  August 20, 2015              /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).